799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis E. Crawford, Plaintiff-Appellant
v.
George H. Collins, Warden; Gov. Harry Hughes, Defendant-Appellees.
 No. 86-6644.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 22, 1986.
Decided Aug. 29, 1986.
 
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 (Curtis E. Crawford, Appellant Pro Se. Stephen H. Sachs, Carmina Szunyog, Mark D. McCurdy, Office of the Attorney General, for Appellees.)
 
 PER CURIAM:
 
 2
 In July 1983, Curtis E. Crawford, a Maryland inmate, filed this 42 U.S.C. Sec. 1983 action, alleging that the defendants denied him a mattress and bedding for a three-week period in violation of the prohibition against cruel and unusual punishment under the eighth amendment. The magistrate recommended that the district court enter judgment in favor of defendant Collins. Crawford then moved the district court for a copy of the entire transcript of the trial before the magistrate. The district court ordered Crawford to show a particularized need for any portion of the transcript. Crawford responded to the order by stating that he needed the portions relating to Collins' testimony. The district court subsequently denied the motion, and Crawford filed a notice of appeal from that order. We conclude that we are without jurisdiction to review the challenged order.
 
 
 3
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final judgment disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."' Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). In this case, Crawford's action under Sec. 1983 is still pending with the district court. The order appealed from thus does not constitute a final order appealable under Sec. 1291.
 
 
 4
 The district court did not certify the order for an interlocutory appeal under 28 U.S.C. Sec. 1292(b). The order is not appealable under the exceptions of 28 U.S.C. Sec. 1292(a). Nor should the order be treated as final under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 5
 As the record and materials before the Court indicate that oral argument would not significantly aid the decisional process, we dispense with oral argument. The appeal is dismissed for lack of jurisdiction.
 
 
 6
 DISMISSED.